UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

FILED

May 04 2023

ARTHUR JOHNSTON, CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**JIMMY BALLARD**                                                                                  **PLAINTIFF**

**VERSUS**                                                             **CIVIL ACTION NO. 2:23cv5-KS-MTP**

**WALTHALL COUNTY, MISSISSIPPI;**
**CHERIE BAILEY; HOLLEY IVY; JAILER**
**PHILLIP; and JANE AND JOHN DOES**                                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Jimmy Ballard is a pretrial

detainee at the Walthall County Jail, and he brings this action challenging the conditions of his

confinement. The Court has considered and liberally construed the pleadings. As set forth

below, Defendants Cherie Bailey, Holley Ivy, and Jailer Phillip are dismissed.

## BACKGROUND

Ballard is a pretrial detainee at the Walthall County Jail in Tylertown, Mississippi.

Defendants are Walthall County and its jail employees Deputy Cherie Bailey, Holley Ivy, and

Jailer Phillip. Generally, Ballard alleges a failure to protect him from another inmate and bring

charges against that inmate, and a denial of medical treatment.

First Ballard claims that, in late December of 2022, a state inmate, housed at the jail, was

on disciplinary lockdown. He was allegedly behind a locked door, but his tray hatch had been

left open. Because of this, Ballard contends, the state inmate was able to spit in his face.

Ballard maintains that Defendants failed to protect him because they placed the state inmate in a

cell that allowed contact with the Plaintiff. As a result of the alleged incident, he claims he

contracted herpes.

Afterwards, Ballard asserts that he asked jail administrators to file assault charges against his alleged attacker, but Defendants refused.   The County is further accused of denying Ballard medical treatment for herpes.

Ballard filed this Complaint, pursuant to 42 U.S.C. § 1983, claiming deliberate indifference to his health and safety and that he is entitled to press criminal charges.

## DISCUSSION

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court.   The statute provides in part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).   The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."   *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised."   *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).   "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."   *Id.*   The Court has permitted Ballard to proceed *in forma pauperis* in this action.   His Complaint is subject to *sua sponte* dismissal under § 1915.

All Defendants are sued under § 1983 for an alleged failure to protect, and because they did not charge the state inmate with felony assault.   First, Ballard does not have a constitutional

right to have someone criminally prosecuted.   *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).

This claim is accordingly dismissed as frivolous.

As for the failure to protect claim, Defendants are faulted for placing the state inmate in a lockdown cell with a tray flap, which tray slot unknown jailers left open.   This tray slot allegedly allowed the state inmate to have contact with Plaintiff.

To succeed on this claim, Ballard must show, among other things, that Defendants were aware of an excessive risk to his safety and yet disregarded that risk.   *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006).   However, Ballard does not allege that they were deliberately indifferent to his safety.   Ballard faults Defendants for placing the state inmate behind a locked door with a tray flap but does not allege that these Defendants left the flap unlocked or knew that it was.   Ballard admits that they placed the state inmate on lockdown.   There are no allegations that suggests Defendants were aware of any risk of that he would spit or be violent at all, let alone under these circumstances.   Therefore, the failure to protect claim is frivolous and will be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the claims for failure to protect and bring criminal charges are **DISMISSED WITH PREJUDICE** as frivolous.   Defendants Cherie Bailey, Holley Ivy, and Jailer Phillip are therefore dismissed.   The denial of medical claim against Defendant Walthall County shall proceed.

**SO ORDERED AND ADJUDGED**, this the ___4th___ day of May, 2023.

_____
UNITED STATES DISTRICT JUDGE